UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| RASHOD L. JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 7:18-cv-0092-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| HIGHLANDS REGIONAL MEDICAL | ) | **MEMORANDUM OPINION** |
| CENTER, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Rashod James has filed a *pro se* complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1.] This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012).

When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470–71 (6th Cir. 2010).

In his complaint, James indicates that on October 4 and 5, 2017, he was a patient at the Highlands Regional Medical Center ("HRMC"), a private hospital in Prestonsburg, Kentucky.[1] [R. 1 at 3–4.] James alleges that while at HRMC: (1) Dr. Nick Francis "let non-trained people force him to release me without being [cleared]"; (2) Cindy Maynard and Brooke Bays did not have him sign release papers or give him a copy of discharge documents; and (3) while doing his blood work, HRMC tested for HIV without his permission. James also complains that unidentified nurses did not check his status and turned off certain monitors because they were beeping. [R. 1 at 2–3.] James contends that the defendants' actions violated his right to proper medical care and treatment under the Sixth, Eighth, and Fourteenth Amendments. James does not allege that he suffered any harm as a result of the defendants' actions but seeks $200,000 in compensatory damages. [R. 1 at 4, 8.]

Having thoroughly reviewed the complaint, it is plain that it must be dismissed. First, neither HRMC as a private company nor its employees as private citizens act "under color of federal law" as required to subject them to liability for constitutional torts under *Bivens* when they provide medical care to federal inmates through arrangement with the Bureau of Prisons. See *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69–74 (2001) (holding that no private cause of action should be implied under *Bivens* against private corporation operating halfway house under contract with BOP); *Minneci v. Pollard*, 565 U.S. 118 (2012) (declining to imply cause of action for inadequate medical care under *Bivens* in favor of inmate against employees of private company).

---

[1] The Kentucky Secretary of State's online business organizations database indicates that HRMC is a Kentucky corporation. See https://app.sos.ky.gov/ftshow/(S(flmsh2jjnliuykqwmr1dbrby))/default.aspx?path=ftsearch&id=0023113&ct=04&cs=99986 (last visited on September 17, 2018).

In addition, *Bivens* only authorizes a suit for damages only against employees in their individual capacities, not against the agency that employs them. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484–86 (1994). HRMC is a corporation, not an individual, and like a federal agency is not amenable to suit under *Bivens* arising out of the medical care provided by its employees. Cf. *Mitchell v. United States*, No. 1: 08-CV-195, 2010 WL 890045, at *9 (N.D. W. Va. Mar. 10, 2010).

Finally, James states that he did not file any inmate grievances with the BOP regarding these events. [R. 1 at 4.] Instead, he alleges that he sent a letter to HRMC. *Id*. at 5, 10–12. Federal law requires a prisoner to fully utilize the prison's inmate grievance system before filing suit to assert a civil claim regarding the conditions of his confinement. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The BOP's Inmate Grievance System requires a federal prisoner to file a formal grievance with the warden within twenty days after the event complained of, and to file appeals to the Regional Office and then the Central Office if he is not satisfied with the response. 2 8 C.F.R. §§ 542.14(a), .15(a). Because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...", *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), the prisoner must file the initial grievance and any appeals within these time frames. James admits that he did not follow these required procedures, and his complaint is therefore subject to dismissal upon initial screening because that failure is apparent from the face of the complaint. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017); *Barnett v. Laurel Co., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017).

Accordingly, **IT IS ORDERED** as follows:

1. James's complaint [**R. 1**] is **DISMISSED WITH PREJUDICE**;

2. This matter is **STRICKEN** from the docket; and

3. The Court will enter a judgment contemporaneously with this order.

This the 18th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge